UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

JENNIFER L. ABBOTT, ET AL.,

                          Plaintiffs,
v.                                           **DECISION AND ORDER**
                                                       11-CV-549S

TONAWANDA COKE CORPORATION; JAMES
DONALD CRANE (a/k/a J.D. Crane or J. Donald
Crane); and DOES 1 through 100,

                          Defendants.
───────────────────────────────

## I. INTRODUCTION

Plaintiffs commenced this action on June 6, 2011 by filing a Summons and Complaint in the Supreme Court for the State of New York, Erie County, seeking, inter alia, damages for their exposure to toxic chemicals while living, traveling or working in and around Tonawanda, New York. In their Complaint, Plaintiffs asserted causes of action for negligence, negligence per se, trespass, battery, nuisance, intentional/negligent infliction of emotional distress, wrongful death, strict liability for abnormally dangerous activities, and equitable and injunctive relief. The named Defendants removed the action to this Court, alleging that federal subject matter jurisdiction existed because the Complaint raised substantial questions of federal law. Each of the named Defendants then filed a motion to dismiss all or part of the Complaint. Plaintiffs subsequently filed an Amended Complaint, and also moved to remand the matter to state court. The named Defendants again moved to dismiss all or part of the Amended Complaint. Presently before this Court are Plaintiffs' Motion to Remand (Docket No. 12), Defendant Tonawanda Coke Corporation's Motion to Dismiss the second and fifth causes of action and to strike

immaterial portions of the Amended Complaint (Docket No. 19), and Defendant James Donald Crane's Motion to Dismiss the Amended Complaint in its entirety as against him. (Docket No. 18.)  These motions are fully briefed and the Court finds that oral argument is not necessary. For the reasons stated below, Plaintiffs' Motion to Remand is granted on the ground that this Court lacks subject matter jurisdiction, thus rendering the named Defendants' motions to dismiss moot.

## II.  FACTUAL BACKGROUND

This is the latest in a series of lawsuits resulting from the adverse impact of toxic emissions from Defendant Tonawanda Coke Corporation, a coke facility in Tonawanda, New York, that "utilizes a process for the destructive distillation of coal and separation of gaseous and liquid distillates from the carbon residue or coke." (Amended Complaint, Docket No. 10,  ¶¶ 180, 192, 197-198, Ex 2 ¶20; see e.g. DeLuca v. Tonawanda Coke Corp., No. 10-CV-859S, 2011 WL 3799985 (W.D.N.Y Aug. 26, 2011)). Defendant James Donald Crane is Tonawanda Coke Corporation's owner and CEO.  (Amended Complaint ¶ 182).  The fictitious Defendants "are the agents, employees, manufacturers, distributors, facilitators, environmental consultants, contractors, [and] haulers" who contributed to the contamination or concealment thereof. (Amended Complaint ¶ 190).

In the original Complaint, Plaintiffs alleged, inter alia, that Defendant Tonawanda Coke Corporation, owned by Defendant Crane since 1978, "has generated toxic waste products throughout its existence." (Complaint ¶¶ 187, 188, 191, 192).

> Defendants have violated State and Federal laws regarding controlling the emissions of chemicals and dust containing chemicals into the air, soil and water.  In fact, Defendants have violated State and Federal Clean Air, Clean

> Water and hazardous and toxic waste storage, disposal and discharge laws and ha[ve] been determined to have violated various environmental laws by the New York State Attorney General's Office.

(Complaint ¶ 192). Plaintiffs further asserted that an evaluation conducted by the New York State Department of Environmental Conservation ("DEC") revealed that the facility-wide emissions from Defendant Tonawanda Coke Corporation resulted in higher than acceptable levels of toxin concentrations in the surrounding environment. (Complaint ¶¶ 196-203). As a result, the United States Environmental Protection Agency ("EPA") issued a series of notices and orders citing Defendant Tonawanda Coke Corporation for violations of, inter alia, the Clean Air Act. (Complaint ¶¶ 199-201).

Plaintiffs asserted in their original Complaint causes of action for negligence, negligence per se, trespass, battery, nuisance, intentional/negligent infliction of emotional distress, wrongful death, strict liability for abnormally dangerous activities, and equitable and injunctive relief. (Complaint ¶¶ 209-268). As alleged therein, Defendants committed negligence by breaching their duty to operate the Tonawanda Coke facility in a reasonable, safe and prudent manner. (Complaint ¶¶ 209-217). Plaintiffs similarly alleged in their negligence per se cause of action that, inter alia, Defendants failed to safely and properly remove, discharge and remediate hazardous and toxic wastes and emissions from the Tonawanda Coke facility. (Complaint ¶¶ 218-221).

> In fact, [D]efendants have been notified by the New York State Attorney General and Federal Environmental Protection Agency that they have been and continue to violate the Clean Air Act, Clean Water Act and Resource Conservation and Recovery Act on numerous occasions. The notices of violation cited are too numerous to attach to this Complaint.

(Complaint ¶ 219). Plaintiffs did attach to this Complaint, however, the criminal complaint in which Mark L. Kamholz, Manager of Environmental Control for Defendant Tonawanda

Coke Corporation and a non-party to this action, was charged with violations of the Comprehensive Environmental Response, Compensation, and Liability Act (42 U.S.C. §§ 9601 et seq.), the Resource Conservation and Recovery Act of 1976 (42 U.S.C. §§ 6901 et seq.), and the Clean Air Act (42 U.S.C. §§ 7401 et seq.). (Complaint, Ex 1 ¶¶ 7-8,15-16, 20-21, 32).

The Amended Complaint, filed in this Court following removal of the matter by the named Defendants (hereinafter "Defendants") and service of their motions to dismiss, differs from the original in that the intentional/negligent infliction of emotional distress claim has been replaced with one for willful misconduct, and there is no separate cause of action for "equitable and injunctive relief." (Complaint ¶¶ 238-242, 258-268; Amended Complaint ¶¶ 338-358). These causes of action are supported by largely identical allegations to those summarized above. (Docket No. 10). Additionally, Plaintiffs further allege that:

> Upon information and belief, Tonawanda Coke has generated toxic waste products throughout its existence. Defendants have violated the following State and Federal laws regarding controlling the emissions of chemicals and dust containing chemicals into the air, soil and water: 6 N.Y.C.R.R § 202-1.5, 6 N.Y.C.R.R § 211.1, 6 N.Y.C.R.R § 214.4 (c), 6 N.Y.C.R.R § 214.5 (a), 6 N.Y.C.R.R § 257-1.4 (a), 6 N.Y.C.R.R § 214.8 (b), 6 N.Y.C.R.R § 257-1.4 (b), 6 N.Y.C.R.R § 750-2.5, Resource Conservation and Recovery Act, Clean Air Act and Clean Water Act. In fact, Defendants have been determined to have violated various environmental laws by the New York State Attorney General's Office.

(Amended Complaint ¶ 201). Attached to the Amended Complaint are notices, correspondence, and administrative orders evidencing Plaintiffs' allegation that "Defendants have been cited or informed by environmental agencies on numerous occasions that they are in violation of State and Federal Law." (Amended Complaint ¶ 202, Exs 1-6). Plaintiffs' negligence per se cause of action in the Amended Complaint contains

no reference to the Clean Air Act, Clean Water Act or Resource Conservation and Recovery Act (compare Amended Complaint ¶¶ 241-267 with Complaint ¶ 219), but instead alleges continued violations of the New York State regulations listed above. (Amended Complaint ¶ 243).

### III.  DISCUSSION

Because Plaintiffs' Motion to Remand requires determination of this Court's subject matter jurisdiction, this motion will be considered first.[1] See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir 1990).  A civil action commenced in a state court may be removed to a federal district court having original jurisdiction over the matter.  28 U.S.C. § 1441 (a).  As relevant here, federal courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 "A case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' " Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 689-690, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006), quoting Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); see Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005)(relevant question is whether "a state-law

---

[1] In support of this motion, Plaintiffs filed a Memorandum of Points and Authorities (Docket No. 12), which was filed concurrently with Plaintiff's First Amended Complaint (Docket No. 10, includes Exhibits 1-6), and a Reply Memorandum of Law (Docket No. 26).  The named Defendants submitted a Memorandum of Law in opposition (Docket No. 22).

claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities").  In the face of a plaintiff's motion to remand, it is the removing defendant's burden to establish that federal subject matter jurisdiction is proper. United Food & Commercial Workers Union, Local 919, AFL-CIO v CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir 1994); Crazy Eddie, Inc. v Cotter, 666 F.Supp 503, 508 (S.D.N.Y. 1987).

Plaintiffs contend that Defendants have failed to establish that the original Complaint includes a substantial federal question giving rise to this Court's original jurisdiction. (Pls. P. & A., Docket No.12, at 3-4).  Plaintiffs argue that the parties do not disagree over the meaning or application of the federal statutes referenced in the original Complaint and the attachment thereto, and "with one arguable exception," Plaintiffs' causes of action are not predicated on violations of federal law. (Id. at 5).  Although the negligence per se cause of action in the original Complaint describes Defendants' alleged "violations of both State and Federal environmental laws", Plaintiffs argue that resolution of this claim does not require any unique interpretation of federal laws, and mere reference to federal environmental statutes is insufficient to confer jurisdiction. (Id. at 8-9). Plaintiffs contend that, in any event, the references to federal law contained in the negligence per se claim in the original Complaint have been removed from the Amended Complaint (Id. at 9-10). Defendants respond that Plaintiffs cannot manipulate the forum for this case by strategically amending their Complaint , and argue that the original Complaint addresses conduct and conditions at the Tonawanda Coke facility in relation to federal environmental law. (Defs. Resp. Mem. of Law, Docket No. 22, at 2-3, 5-8).  Defendants argue that

Plaintiffs' claims as alleged in either complaint "are indisputably grounded on federal statutes and regulations and contain embedded federal issues." (Id. at 2, 8-11).

Notably, as Defendants argue and Plaintiffs do not dispute (Pls. Reply Mem. of Law, Docket No. 26, at 4), a determination whether remand is required due to the lack of subject matter jurisdiction is based upon the complaint as it existed at the time the notice of removal was filed. See Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939); Vera v. Saks & Co., 335 F.3d 109, 116 n 2 (2d Cir. 2003). This Court concludes that, based upon the allegations in the original Complaint, it lacks subject matter jurisdiction over this case because none of the causes of action asserted therein raises a substantial question of federal law. Empire Healthchoice Assur., Inc., 547 U.S. at 689-690; Franchise Tax Bd. of Cal., 463 U.S. at 27–28.

Contrary to Defendants' contention that the original Complaint "is fundamentally premised on a series of alleged federal violations and requirements," (Defs. Mem of Law in Opposition, at 3-4), Plaintiffs allege that Defendants violated both state and federal environmental laws (Complaint ¶ 192), and the asserted causes of action, including negligence, negligence per se, trespass, nuisance, and intentional or negligent infliction of emotional distress, sound in state law. The fact that the original Complaint "is also peppered with allegations that the [D]efendants violated various federal statutes and regulations" is insufficient to raise a federal question. Caggiano v. Pfizer Inc., 384 F.Supp.2d 689, 690 (S.D.N.Y. 2005). Plaintiffs alleged in connection with their negligence per se claim that Defendants violated "laws that were meant to protect human health and the environment," and that Defendants "had been notified" by state and federal authorities

specifically of the violations of the Clean Air Act, the Clean Water Act, and the Resource Conservation and Recovery Act on numerous occasions. (Complaint ¶¶ 218-223). These referenced "federal standards merely inform the content of classically state-law duties such as avoiding negligence," and any alleged violations thereof are therefore insufficient in this case to confer "federal question jurisdiction over garden-variety state-law claims." Caggiano, 384 F.Supp.2d at 691; see Grable & Sons Metal Prods., Inc., 545 U.S. at 318-319 (noting that violations of federal statutes are frequently given negligence per se effect in state court, nonetheless "exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations" would invite "a potentially enormous shift of traditionally state cases into federal courts").

Further, "Plaintiffs' alternative theory of negligence *per se* is not 'essential' to their negligence theory, [and as such] no federal subject matter jurisdiction exists." Mulcahey v Columbia Organic Chem. Co., 29 F.3d 148, 154 (4th Cir. 1994); see Broder v Cablevisions Sys. Corp., 418 F3d 187, 194 (2d Cir. 2005)(a federal issue presented as only one of multiple theories that could support a particular claim is insufficient to create federal jurisdiction); cf. Grable & Sons Metal Prods., Inc., 545 U.S. at 314-315 (federal jurisdiction warranted where meaning of federal statute was not only in dispute, "it appear[ed] to be the only legal or factual issue contested"). The remaining references to Defendants' unspecified "continued violations of environmental laws and safety," whether federal or state, (see e.g. Complaint ¶¶ 192, 196, 228, 232, 237, 242), are merely contextual allegations insufficient to create federal jurisdiction. See Segal v Varonis Sys., Inc., 601 F.Supp.2d 551, 554-55 (S.D.N.Y. 2009); DeLuca v Tonawanda Coke Corp., No. 10-CV-859S, 2011 WL 3799985, *6 (W.D.N.Y Aug. 26, 2011). This Court therefore

concludes that it is without subject matter jurisdiction to hear this case, and Plaintiffs' Motion to Remand will be granted.

Moreover, even assuming arguendo that the negligence per se claim in the original Complaint did raise a substantial federal question creating federal jurisdiction here, remand to the state court would nonetheless be appropriate. This Court:

> has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate. The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); see 28 U.S.C. § 1367 (c)(3). Plaintiffs timely filed the Amended Complaint as a matter of course following Defendants' service of their respective Motions to Dismiss the original Complaint.[2] (Docket Nos. 5, 6, 8, 10; see Fed.R. Civ. P. 12 (b), (f); 15 (a)(1)(B)). The Amended Complaint added two additional Plaintiffs (¶ 65), modified the causes of action alleged, and, as conceded by Plaintiffs, "any reference to, and any real or imputed reliance on" federal statutes has been deleted from the cause of action for negligence per se. (Pls. P. & A. at 9; compare Complaint ¶¶ 218-223 with Amended Complaint ¶¶ 241-267).

Defendants are correct that, in exercising that discretion, a relevant factor is whether Plaintiffs have amended their complaint in an attempt to manipulate the forum. Carnegie-Mellon Univ., 484 U.S. at 357. In the instant case, although the negligence per se claim in the original Complaint specifically referenced only alleged federal law violations

---

[2]This original Complaint, having been superseded by the Amended Complaint, is "of no legal effect." Int'l Controls Corp. v. Vesco, 556 F2d 665, 668 (2d Cir. 1977), cert denied 434 U.S. 1014 (1978).

9

(Complaint ¶¶ 218-223), Plaintiffs alleged elsewhere in the original Complaint that Defendants "violated State and Federal laws," including "State and Federal Clean Air, Clean water and hazardous and toxic waste storage, disposal and discharge laws and ha[ve] been determined to have violated various environmental laws by the New York State Attorney General's Office." (Complaint ¶ 192). Plaintiffs' Amended Complaint expands on these general allegations by specifying the New York environmental conservation regulations allegedly violated by Defendants. (Amended Complaint ¶¶ 201, 243). Notably, the notices of violation and administrative orders attached to the Amended Complaint were each issued by the EPA, however, all but one of these documents references Defendants' obligations under a state environmental regulatory scheme, which the EPA has the authority to enforce pursuant to 42 U.S.C. § 7413 (a)(1). See generally 42 U.S.C. 7410 (detailing requirements for *state* implementation plans for environmental controls). Further, although a violation of a state regulation may constitute only evidence of negligence, see generally Elliott v. City of New York, 95 N.Y.2d 730, 734-735 (2001)(although violation of a State statute can constitute negligence per se, violation of a municipal ordinance constitutes only evidence of negligence), as concluded above, the fact that a federal issue may form the basis of one of multiple theories supporting a particular claim is insufficient to create federal jurisdiction. See Broder, 418 F3d at 194; Mulcahey, 29 F.3d at 154.

Finally, Plaintiffs' amendments to the Complaint have made more specific, although not precise, what were previously general allegations of state and federal law violations. Plaintiffs also used the amendment to make substantive changes to the state law claims asserted. This Court does not therefore conclude that Plaintiffs used this amendment solely "to manipulate their forum without any reasonable or fair justification." Payne v

Parchester North Condos., 134 F.Supp.2d 582, 586 (S.D.N.Y. 2001). Indeed, this Court has already remanded no less than 15 related cases to the New York state court on the ground that there was no subject matter jurisdiction. See e.g. DeLuca v Tonawanda Coke Corp., 10-CV-859S, 2011 WL 3799985 (W.D.N.Y Aug. 26, 2011). Remand would therefore also serve "the principles of economy, convenience, fairness and comity which underlie the pendent jurisdiction doctrine." Carnegie-Mellon Univ., 484 U.S. at 357.

## IV.  CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Remand this case to the New York Supreme Court, County of Erie, is granted on the ground that this Court lacks subject matter jurisdiction. In light of this conclusion, the named Defendants' motions to dismiss the Amended Complaint are denied without prejudice.

## V. ORDERS

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (Docket No. 12) is GRANTED;

FURTHER, that Defendant James Donald Crane's Motion to Dismiss the Amended Complaint (Docket No. 18) is DENIED as moot;

FURTHER, that Defendant Tonawanda Coke Corporation's Motion to Partially Dismiss the Amended Complaint (Docket No. 19) is DENIED as moot;

FURTHER, that the Clerk of the Court is directed to transfer this case to the New York State Supreme Court, County of Erie;

FURTHER, that the Clerk of the Court is directed to take the steps necessary to close this case.

SO ORDERED.

Dated: January 7, 2012
      Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Judge
